BEATRICE CREAMERY COMPANY v. MARY FITZGERALD.

FILED NOVEMBER 5, 1903. No. 13,154.

**Bond of Administratrix: PUBLIC POLICY.** A bond executed by the administratrix of an estate, conditioned that she will reimburse a proposed purchaser of certain lots belonging to the estate, upon which a mortgage was being foreclosed, any amount in excess of twelve thousand dollars which he might be compelled to bid at the foreclosure sale, is void as against public policy.

ERROR to the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Affirmed.*

*Adolphus R. Talbot* and *Thomas S. Allen,* for plaintiff in error.

*Thomas J. Doyle, George W. Berge* and *James Manahan,* contra.

DUFFIE, C.

Mary Fitzgerald is administratrix of the estate of John Fitzgerald, deceased. November 4, 1898, she entered into the following agreement:

"It is agreed by and between Mary Fitzgerald, administratrix of the estate of John Fitzgerald, deceased, as party of the first part, and the Beatrice Creamery Company, of Lincoln, Nebraska, as party of the second part, as follows: The party of the second part agrees to purchase lots five (5), six (6), seven (7), eight (8), nine (9) and ten (10) in block forty-five (45) in the city of Lincoln, and to bid and pay therefor the full sum of twelve thousand ($12,000) dollars. The party of the first part agrees to sell and convey said lots to the party of the second part for said sum of $12,000, and to convey the same under the direction and order of the United States court for the district of Nebraska, free and clear of any liens of any kind, as soon as decree is entered and sale confirmed by said United States district court. The party of the second part is to enter upon the possession of said premises under a lease executed and delivered this day, and as a part of this agreement the party of the second part is to pay said sum of $12,000 upon the delivery to it of said master in chancery's deed. Said sum to be paid first in satisfaction of any claims upon said property by the Provident Life and Trust Company of Philadelphia, and the balance to the order of the party of the first part. Upon the delivery of the said deed as aforesaid, and the payment of the said $12,000 according to this agreement, the said party of the second part will surrender to the party of the first part the lease executed this day.    MARY FITZGERALD.

"4th November, 1898.      BEATRICE CREAMERY CO.,

"By G. E. HASKELL, *Prest.*

"MORRIS FRIEND, *Sec'y.*"

At the same time she executed a bond of which the following is a copy:

"Know all men by these presents, that I, Mary Fitzgerald, administratrix of the estate of John Fitzgerald, deceased, of the city of Lincoln, Lancaster County, Nebraska, and Mary Fitzgerald, each are held and firmly bound unto the Beatrice Creamery Company, of Lincoln, Nebraska, in the sum of twenty thousand ($20,000) dollars good and lawful money of the United States, to be paid to the said Beatrice Creamery Company, its successors or assigns, for which payment well and truly to be made, I do bind myself, my heirs, executors and administrators firmly by these presents.

"Dated this 4th day of November, 1898.

"The condition of this obligation is such, that whereas, the said Beatrice Creamery Company has purchased from the estate of John Fitzgerald, deceased, lots 5, 6, 7, 8, 9 and 10 in block 45, in the city of Lincoln, Lancaster county, Nebraska, upon which it proposes to at once erect a suitable building and place therein proper machinery for conducting its business, and whereas said estate of John Fitzgerald, deceased, can not at once convey a perfect title to said property to said Beatrice Creamery Company, but said estate is anxious and willing that said Beatrice Creamery Company shall proceed forthwith to the erection of said building, and said Mary Fitzgerald, administratrix of said estate, shall furnish and deed said property to said Beatrice Creamery Company within four months from the date hereof, by deed, free and clear of all incumbrances, and if necessary, have said property sold through the court by administrator's sale to perfect said title; now therefore, if the said Mary Fitzgerald, administratrix of said estate, shall fully comply with her contract to convey or cause to be conveyed to said Beatrice Creamery Company said real estate above described free and clear of all incumbrances, and will furnish a complete abstract of title showing perfect title in the Beatrice Creamery Company by said conveyance within the time herein prescribed; and if at any public sale through an order of court or otherwise, the said Beatrice Creamery Company shall be

required, in order to protect its interests and rights, to bid and pay a greater price for said property described than that which is agreed upon as the purchase price of the same between said Beatrice Creamery Company and the administratrix of the estate of John Fitzgerald, deceased, then said Mary Fitzgerald, administratrix of John Fitzgerald, deceased, will reimburse and indemnify said Beatrice Creamery Company any and all losses or damages which it may sustain by reason of said public sale or otherwise, or because of the inability of the estate of John Fitzgerald to convey good and perfect title to said Beatrice Creamery Company upon this date, then this obligation to be void, otherwise to remain in full force and effect.                           MARY FITZGERALD.

"In presence of
    "T. S. ALLEN."

At the time of making this agreement and bond, the property in controversy was being foreclosed in the federal court, and at the foreclosure sale plaintiff in error bid at the sale $12,000, being $2,000 more than the amount of the decree, and this excess was paid to Mrs. Fitzgerald as administratrix. At that time, certain taxes against the property amounting to nearly $1,800 were due and unpaid, and the company, in its petition, alleges that, in order to obtain a perfect title, it was compelled to pay said taxes. The petition further states that defendant in error failed to furnish an abstract of title, for which it was compelled to pay $33.85, and these matters are alleged as a breach of the bond, and judgment is asked against her for the amount. A demurrer to the petition was sustained by the district court, and, a motion for a new trial being overruled, the company has brought the case to this court by petition in error.

The only manner in which an administratrix can dispose of the real estate of the decedent is by a public sale made on the order of the district court. In the present instance the property in controversy was incumbered by a

mortgage which was being foreclosed, and, while a sale under the decree of foreclosure would convey to the purchaser a perfect title and would obviate the necessity of Mrs. Fitzgerald applying to the district court for an order to sell the equity of the estate, still it is clear that the interests of the estate which would receive the benefit of any surplus above the mortgage debt, required the sale in the foreclosure proceedings to be as open to competition and conducted under such circumstances as to encourage bidding, as though made on an application of the administratrix herself under our statute; and any contract, the natural result of which would be to induce the administratrix to discourage bidding at the sale or prevent free competition, would be against public policy and void. One of the conditions of the bond sued on is as follows:

"And if at any public sale through an order of court or otherwise, the said Beatrice Creamery Company shall be required, in order to protect its interests and rights, to bid and pay a greater price for said property than that which is agreed on as the purchase price of the same between said Beatrice Creamery Company and the administratrix of the estate of John Fitzgerald, deceased, then said Mary Fitzgerald, administratrix of John Fitzgerald, deceased, will reimburse and indemnify said Beatrice Creamery Company any and all losses or damages which it may sustain by reason of said public sale or otherwise."

It is clear from this condition of the bond that, to save herself from personal liability thereon, Mrs. Fitzgerald was interested in seeing that the property did not bring more than $12,000 at the foreclosure sale. In other words, she entered into a contract in which her personal interests ran wholly counter to the trust which she was administering, the natural result of which would be to induce her to discourage purchasers from attending the sale and to prevent, as far as she might, free competition thereat. That such a contract is against public policy requires no argument to show.

In *Herrick v. Grow & Brown*, 5 Wend. (N. Y.) 579, the

administrators entered into an agreement binding themselves to execute to the plaintiff a proper conveyance of a certain piece of land owned by the intestate, as soon as they could obtain a sale of same under the order of the surrogate, the price agreed upon being $555, and binding themselves to the performance of this agreement in the sum of $100. The plaintiff, in a suit for the penalty, alleged that, before the commencement of the suit, the defendants did obtain a sale of the premises under an order of the surrogate but they neglected and refused to execute a conveyance. The court said:

"By the statute, administrators must sell at auction, and they can sell in no other manner. * * * Suppose a bidder at the auction were to offer $600 for this property which the administrators have agreed to sell for $555, they must forfeit and pay $100 out of their own pockets according to this contract. They have every inducement therefore to discourage bidding, whereas their duty requires them to sell at the highest price. Such a contract is highly improper, and a violation of the duty of the administrators. It is of course contrary to the policy of the statute and void."

We have no doubt that the demurrer was properly sustained, and recommend an affirmance of the judgment.

KIRKPATRICK, C., concurs.

. By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.